UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| MATT COAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 10-cv-03914 |
| TRACY NANCE, JULIE LARDINO, CITY | ) |
| OF NAPERVILLE, A DAY WITH, INC., | ) Judge Pallmeyer |
| GOOD LUCK NAT, INC. d/b/a THE GREIF | ) |
| COMPANY, and A&E TELEVISION | ) Magistrate Judge Schenkier |
| NETWORKS, LLC, | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND
ALTERNATIVE MOTION TO STRIKE PURSUANT TO RULE 12(f)**

Defendants Tracy Nance, Julie Lardino, City of Naperville, A Day With, Inc. ("ADW"), Good Luck Nat, Inc. ("GLN"), and A&E Television Networks, LLC ("AETN"), hereby move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Alternatively, if the Court does not dismiss Count III, for intentional infliction of emotional distress, Defendants request that the Court strike the requests for punitive damages and attorneys' fees in that count.

1. Plaintiff alleges three counts based on his appearance in an episode of the television show "Female Forces," an unscripted, non-fiction television series that followed female officers of the Naperville, Illinois, police force while they carried out their duties: Count I, for violation of 42 U.S.C. § 1983 against all Defendants; Count II, for violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1 et seq., against ADW, GLN, and AETN (the "Media Defendants"); and Count III, intentional infliction of emotional distress (IIED) against all Defendants.

2. The Court should dismiss Count I, the claim for violation of 42 U.S.C. § 1983, for the following reasons:

    a) The claim is barred by the two-year statute of limitations that applies to § 1983 claims arising in Illinois.

    b) Plaintiff does not allege a violation of his constitutional rights. The constitutional right to privacy under <u>Griswold v. Connecticut</u>, 381 U.S. 479 (1965), which he cites in his Complaint, does not apply to the facts alleged. His claim for violation of the Fourth Amendment right to be free from unreasonable searches and seizures also fails, because his own allegations demonstrate that his claim that he was held for an unlawful purpose is factually incorrect.

    c) Alternatively, the doctrine of qualified immunity bars Count I as to Officers Nance and Lardino, because they did not violate any clearly-established constitutional right.

    d) Plaintiff's claim against the City of Naperville also fails because his allegations do not satisfy the requirements of <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658 (1977).

    e) Plaintiff's claim against the Media Defendants also fails because he does not allege conduct by those Defendants under color of state law.

3. The Court should dismiss Count II, for violation of the Illinois Right of Publicity Act (IRPA), because the Media Defendants did not use Plaintiff's identity in any way prohibited by IRPA. The Media Defendants' use of Plaintiff's identity is exempt from IRPA pursuant to 765 ILCS 1075/35(b)(1) and (2). Their use is also protected from liability by the First

Amendment, and IRPA and its exceptions should be interpreted to avoid running afoul of that First Amendment protection.

4. The Court should dismiss Count III because Plaintiff does not allege either extreme and outrageous conduct or severe emotional distress.

5. Alternatively, if the Court does not dismiss Count III, for intentional infliction of emotional distress, the Court should strike the requests for punitive damages and attorneys' fees in that count. Attorneys' fees and punitive damages are not available to a plaintiff for an IIED claim, and Officers Lardino and Nance and the City of Naperville are immune from any such award under state law.

WHEREFORE, Defendants request that the Court dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), or, in the alternative, strike Plaintiff's requests for attorneys' fees and punitive damages in Count III, and provide such further relief as is just.

Dated: September 2, 2010

Respectfully submitted,

TRACY NANCE, JULIE LARDINO, CITY OF NAPERVILLE, A DAY WITH, INC., GOOD LUCK NAT, INC., and A&E TELEVISION NETWORKS, LLC

By: /s/ Steven P. Mandell
      One of their attorneys

Steven P. Mandell (ARDC #6183729)
Steven L. Baron (ARDC #6200868)
Sharon R. Albrecht (ARDC #6288927)
MANDELL MENKES LLC
333 West Wacker Drive, Ste. 300
Chicago, IL 60606
Tel: (312) 251-1000

3

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that he caused to be filed the attached MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) AND ALTERNATIVE MOTION TO STRIKE PURSUANT TO RULE 12(f) electronically with the United States District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, on September 2, 2010, which will serve notice on the following by ECF:

      Mark W. Mathys
      Law Offices of Mathys & Schneid
      1730 Park Street, Suite 224
      Naperville, IL 60563
      mwm@mathyslaw.com

      /s/ Steven P. Mandell

#183101